**Tracy Bosley AGUILERA, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 04–99–00632–CR.

Court of Appeals of Texas,
San Antonio.

Jan. 10, 2001.

Jacquelyn L. Snyder, Adkins, for Appellant.

Edward F. Shaughnessy, III, Asst. Crim. Dist. Atty., San Antonio, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, ALMA L. LÓPEZ, Justice, KAREN ANGELINI, Justice.

## OPINION

PHIL HARDBERGER, Chief Justice.

Tracy Bosley Aguilera ("Aguilera") was convicted of capital murder and sentenced to life in prison. In her two points of error, Aguilera contends: (1) the trial court abused its discretion in excluding

evidence of pending indictments against Daniel Romero; and (2) the jury instruction on the definition of party conspiracy theory omitted a critical element. We overrule Aguilera's contentions and affirm the trial court's judgment.

## BACKGROUND

Aguilera wanted to move back to Florida. In order to obtain money for the trip, Aguilera, Daniel Romero, and Janie Marin decided to rob Norris Donaho, a customer who frequented a café where Aguilera worked as a waitress. As Aguilera was driving to Donaho's home, Marin testified that Romero stated he would hit Donaho in the head and Aguilera would stab him. Romero and Aguilera entered Donaho's home and killed him. The evidence was conflicting with regard to whether Romero hit and stabbed Donaho or whether Romero hit Donaho and Aguilera stabbed him. Romero and Aguilera took a wallet, several rings, and a shotgun from Donaho's home. The trio traveled to Florida where Aguilera was living when she was arrested. A jury found Aguilera guilty of capital murder.

## PENDING INDICTMENTS AGAINST ROMERO

In her first point of error, Aguilera asserts that the trial court abused its discretion by excluding evidence that two indictments were pending against Romero in which Romero was alleged to have used a knife in an aggravated robbery and an aggravated assault. The State responds that any error by the trial court in excluding the indictments was waived because Aguilera failed to include the indictments in the appellate record. Alternatively, the State counters that the trial court did not abuse its discretion in excluding the indictments.

■ Error in the exclusion of evidence is preserved for appellate review if the substance of the evidence is made known to the court by an offer of proof. TEX. R.EVID. 103(a)(2). In this case, the reporter's record reflects that Aguilera sought to introduce two indictments pending against Romero for aggravated robbery and aggravated assault with a deadly weapon. Both indictments alleged the use of a knife. Aguilera's counsel stated that the indictments were being offered in connection with the first application paragraph of the jury charge which required the jury to decide whether Aguilera stabbed Donaho or whether Romero stabbed him. This offer of proof was sufficient to preserve Aguilera's complaint for appellate review.

■ The State objected to the admission of the indictments based on relevance. The State asserted that the evidence had nothing to do with Aguilera's case and was an improper method of proving character.

■ In order to be admissible, evidence must be relevant. *See Johnson v. State*, 698 S.W.2d 154, 160 (Tex.Crim.App. 1985). Relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. TEX.R.EVID. 401. Questions of relevance should be left largely to the trial court and will not be reversed absent an abuse of discretion. *See Johnson*, 698 S.W.2d at 160, *King v. State*, 17 S.W.3d 7, 20 (Tex.App.—Houston [14th Dist.] 2000, pet. ref'd).

Aguilera contends that the evidence of Romero's pending indictments was relevant to show that Romero, not Aguilera, was the person who actually stabbed Donaho. Aguilera contends that this issue was important for the jury's resolution of the first application paragraph of the charge. The first application paragraph of the charge allowed the jury to find Aguil-

era guilty if it determined that Aguilera "acting either alone, or together with another as a party" caused Donaho's death by cutting or stabbing him with a knife or by striking him with a deadly weapon. Under this application paragraph, the jury could have found Aguilera guilty whether she stabbed Donaho or acted as a party to Romero's stabbing of Donaho. The jury was not required to resolve which person stabbed Donaho as long as it determined that Aguilera acted as a party to the stabbing. Whether Aguilera actually stabbed Donaho or was only a party would not affect her automatic life sentence. *See* Tex.Pen.Code Ann. § 12.31(a) (Vernon 1994). Therefore, the trial court could have concluded that Romero's use of a knife in two subsequent offenses did not tend to make the existence of a fact that was of consequence to the determination of the action more probable or less probable because determining whether Romero stabbed Donaho or Aguilera stabbed Donaho was not of consequence to the jury's deliberation. Aguilera's first point of error is overruled.

## Jury Charge

█ In her second point of error, Aguilera complains that the jury instruction on the definition of party conspiracy theory omitted a critical element. Aguilera concedes that because no objection was made, egregious harm must be shown. The State responds that if the jury instruction was erroneous, the error did not cause egregious harm.

The general section of the jury charge instructed the jury in pertinent part as follows:

If, in the attempt to carry out a conspiracy to commit one felony, another felony is committed by one of the conspirators, all conspirators are guilty of the felony actually committed, though having no intent to commit it, if the offense was committed in furtherance of the unlawful purpose and was one that should have been anticipated as a result of the carrying out of the conspiracy.

By the term "Conspiracy", as used in these instructions, is meant an agreement between two or more persons, with intent that a felony be committed, that they, or one or more of them engage in conduct that would constitute the offense. An agreement constituting a conspiracy may be inferred from acts of the parties.

The second application paragraph of the jury charge applied the law of conspiracy to the facts as follows:

If you find from the evidence beyond a reasonable doubt that Tracy Bosley Aguilera and Daniel Romero entered into a conspiracy to rob Norris Donaho, and that pursuant thereto they did carry out, or attempt to carry out, such conspiracy to rob Norris Donaho in that on or about [the] 20th day of February, A.D., 1997, in Bexar County, Texas, in the course of committing theft of personal property from Norris Donaho, and with intent to obtain or maintain control of said property, Daniel Romero intentionally caused bodily injury to Norris Donaho, to wit, death, by cutting or stabbing Norris Donaho with a deadly weapon, namely: a knife or by striking Norris Donaho with a deadly weapon, namely: an object unknown to the Grand Jury, intending thereby to kill the said Norris Donaho, and that the defendant, Tracy Bosley Aguilera, pursuant to said conspiracy, if any, with the intent to promote and assist Daniel Romero in the commission of said robbery, then and there, at the time of the cutting or stabbing or striking, if any, was acting with and aiding the said Daniel Romero in the execution of attempted execution

of said robbery of Norris Donaho, if any, and that the cutting, stabbing, or striking of Norris Donaho followed in the execution of the conspiracy, if any, of Tracy Bosley Aguilera and Daniel Romero to rob Norris Donaho of his property, and that the cutting, stabbing, or striking of Norris Donaho by Daniel Romero, if there was such, was done in furtherance of the conspiracy to rob Norris Donaho, if any, and was an offense that should have been anticipated as a result of the carrying out of the conspiracy, then you will find the defendant, Tracy Bosley Aguilera, guilty of capital murder.

Aguilera complains that this portion of the charge was defective because the trial court failed to instruct the jury that murder and robbery are felonies. Aguilera contends that because the jury must determine whether "another felony" was committed by the co-conspirator, the jury needed to be told that the act allegedly committed by Romero was a felony.

 Aguilera did not object to the omission of the definition, so error, if any, would not require reversal unless the error was so egregious and created such harm that Aguilera was denied a fair and impartial trial. *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1984). We generally assess the actual degree of harm from "the entire jury charge, the state of the evidence, including the contested issues and the weight of the probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." *Id.* Assuming, without deciding, that the trial court was required to instruct the jury that robbery and murder are classified as felonies, the omission of the definition did not cause egregious harm. The application paragraph correctly applied the general conspiracy law to the facts of the case.

During voir dire, the prosecuting attorney informed the jury that aggravated robbery and murder were first degree felonies. The classification of the offenses as felonies was not a contested factual issue or the focus of any argument of counsel. Aguilera's second point of error is overruled.

### CONCLUSION

The trial court's judgment is affirmed.